

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

## REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER
(Probation Form - Waiver of Hearing is Attached)

**Offender Name:** Michael Shawn Schaefer   **Case No.:** 2:99CR00108-003

**Name of Sentencing Judicial Officer:** The Honorable Harvey Bartle III., Chief Judge

**Date of Original Sentence:** August 3, 1999

**Original Offense:** Conspiracy (Count One); armed bank robbery (Count Two); and use of a firearm during a violent crime (Count Three).

**Original Sentence:** The defendant was sentenced to the custody of the U.S. Bureau of Prisons for a period of 150 months (60 months on Count One and 96 months on Count Two to be served concurrently and 60 months on Count Three to be served consecutively to Counts One and Two. A special assessment of $300.00 was ordered.

**Special Conditions:** None

**Modification of Supervision Conditions:** On July 26, 2010, Your Honor approved a modification of the supervised release conditions to include that the defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It was further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court.

**FILED JUN 06 2011**
By MICHAEL E. KUNZ, Clerk
_____ Dep. Clerk

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** June 24, 2010

**U. S. Attorney's Response:**   No Objections **X**   Objections _   No Response _

---

## PETITIONING THE COURT

On May 22, 2011, The Philadelphia Police Department issued an arrest warrant for Mr. Schaefer following an incident which allegedly occurred on May 12, 2011. On May 23, 2011, Mr. Schaefer was arrested at the U.S. Probation Office by Philadelphia Police. A Preliminary Hearing has not yet been scheduled as of this writing.

According to the police affidavit, on May 13, 2011, the complainant, Victoria Moore, reported to Philadelphia Police that on May 12, 2011, at approximately 10:30 p.m, her ex-boyfriend, Michael Schaefer, came unannounced to her home, located at 2944 Garritt Street, Philadelphia, Pennsylvania. She reported that she had been in a relationship with him for three weeks before she ended it. Mr. Schaefer had reportedly left some clothing and a DVD at her home and she had been attempting to arrange for him to retrieve his belongings. On May 12, 2011, Ms. Moore sent him a text message asking if he was going to pick up his belongings. Mr. Schaefer called her several times but she did not answer his calls. At 10:30 p.m., he came to her home. Ms. Moore reported that she answered the door while wearing her bathrobe and opened the door just enough to hand him a bag containing his belongings. Mr. Schaefer allegedly stepped into the doorway and stated "Is this all of my stuff?" Mr. Moore instructed him not to come in the home because she was not wearing any clothing. Mr. Schaefer reportedly stated "I don't care if you don't have any clothes on" and punched her in the face and knocked her backward. Ms. Moore told the police that he punched her four to five times. Ms. Moore told him to leave her home but Mr. Schaefer chased her around the inside of her home until she left through the front door. He then reportedly chased her into the street before leaving in a vehicle.

RE: Michael Shawn Schaefer
Case No: 2:99CR00108-003
Page 2

On May 18, 2011, the Court of Common Pleas of Philadelphia County granted Ms. Moore a Protection From Abuse (PFA) Order, which is scheduled to remain active until May 17, 2014.

In addition to the above, Mr. Schaefer submitted a positive urine test for marijuana on March 18, 2011. On April 27, 2011, Mr. Schaefer failed to report to the U.S. Probation Office as required for random urinalysis testing, and on June 1, 2011, during a telephone interview with this officer, Mr. Schaefer admitted that he used cocaine on May 21, 2011.

We note that on March 31, 2011, Mr. Schaefer marginally completed outpatient drug treatment at Sobriety Through Outpatient (STOP). In light of his recent cocaine use, we explored treatment options once more. However, Mr. Schaefer denied the need for further treatment and stated that he could abstain from drug use without a referral for treatment services.

As for the new arrest, On May 24, 2011, Mr. Schaefer was released from local custody after having posted $500.00 bail. He reported to the U.S. Probation Office following his release. He advised this officer that he met Ms. Moore in April 2010, when he was serving the final portion of his custodial sentence at Luzerne Residential Re-Entry Center (RRC). He stated that he had not seen Ms. Moore between June 24, 2010, when he was released from the RRC, until April 2011, when he met her at a restaurant where she was employed. He said they exchanged telephone numbers and spent a night together at her home and then he left a bag of clothing at her residence. He reported that she kept calling him and telling him to pick up his clothing. He advised that on May 12, 2011, Ms. Moore called him and told him to pick up his clothes. He claimed that when he arrived at her residence, she opened the door and he observed a butcher knife in her hand. According to Mr. Shaefer, Ms. Moore pointed to his belongings which were on a chair near the door inside the home and when he reached for his belongings, she allegedly motioned with the knife as if she was going to stab him. He admitted to grabbing her by her hand that was holding the knife in order to turn her away from him. He informed that when he retrieved his belongings, she placed the knife into her bathrobe and then chased him from her home.

Mr. Schaefer advised this officer that he never called the police to report the incident because he was able to get his belongings back. This officer asked why he never discussed the incident with his probation officer. He responded, "I knew I was wrong by having a relationship with her." Ms. Moore is a convicted felon, who he is not permitted to associate with unless granted permission by this officer.

Although our plan relative to the open case is to await a disposition before seeking formal violation action, we wish to address the offender's technical violations of marijuana use, cocaine use, failing to report for random urinalysis testing, and his admitted association with a convicted felon by pursuing a modification to place him on home confinement with electronic monitoring.

On June 1, 2011, this officer discussed the proposed modification with Assistant U.S. Attorney Peter Schenck, who stated that he has no objection to the proposed modification.

On June 1, 2011, this officer reviewed the attached Notice for Modification of Supervision Conditions with Mr. Schaefer. He was provided a copy of the notice and granted an opportunity to review it and consult with legal counsel, which he denied. Mr. Schaefer then signed the attached Acknowledgment and Waiver of Hearing Form.

☒ To modify the conditions of supervision as follows: That the defendant be placed on home confinement with electronic monitoring for a period of ninety (90) days. Home confinement will occur as soon as practicable. The government shall pay the costs associated with electronic monitoring.

Respectfully submitted,

Ronald DeCastro, Chief
U.S. Probation Officer

for: David W. Merth
U.S. Probation Officer

Approved:

Jana G. Law
Supervising U.S. Probation Officer
Date: 6/2/11

## ORDER OF THE COURT

Considered and ordered this 6th day of June, 2011 and ordered filed and made part of the records in the above case.

U.S. District Court Judge

(PAEP 12/09)

## UNITED STATES PROBATION OFFICE
## EASTERN DISTRICT OF PENNSYLVANIA

### NOTICE FOR MODIFICATION OF SUPERVISION CONDITIONS

TO: Michael Shawn Schaefer          Docket #: 2:99CR00108-03

This is to notify you that the U.S. Probation Office intends to make a formal request to the Court that the conditions of supervision be modified as follows:

The defendant shall be placed on home confinement with electronic monitoring for a period of ninety (90) days. Home confinement will occur as soon as practicable. The government shall pay the costs associated with electronic monitoring.

The reason for this modification is:

1) On March 18, 2011, you submitted a positive urinalysis for marijuana.

2) On April 27, 2011, you failed to report to the U.S. Probation Office for random urinalysis testing as required.

3) On May 24, 2011, during an interview at the U.S. Probation Office, you admitted that you knowingly associated with a convicted felon, Ms. Victoria Moore during the month of April 2011. You admitted that you did not have the permission of this officer.

4) On June 1, 2011, during a telephone interview, you admitted to U.S. Probation Officer David W. Merth that you used cocaine on May 21, 2011.

You have the right to a hearing before the Court on the modification of the conditions of supervision, and the right to be represented by counsel at such hearing. You also have the right to waive such a hearing. You are asked to acknowledge receipt of this notice by signing the applicable portion of this form.

If you desire a hearing, simply sign the ACKNOWLEDGMENT AND REQUEST FOR HEARING portion of the form. You will be notified of the time, date, and location of the hearing.

If you wish to waive a hearing, sign the ACKNOWLEDGMENT AND WAIVER portion of the form.

4

## ACKNOWLEDGMENT AND REQUEST FOR HEARING

I, Michael Shawn Schaefer, acknowledge receipt of the Notice for Modification of Supervision Conditions, and request a hearing.

Signature _____   Witness _____
                                                              U.S. Probation Office

                               Date: _____

## ACKNOWLEDGMENT AND WAIVER OF HEARING

I, Michael Shawn Schaefer, acknowledge receipt of this Notice for Modification of Supervision Conditions. I have read and understand this Notice, that I have the right to a hearing before the Court, and the right to have legal representation at the hearing. However, I hereby waive my right to a hearing and agree to the proposed modification of the conditions of supervision. I also certify that no promises have been made in order to influence me to give up my right to a hearing, nor have any threats been directed at me if I had elected to proceed with a hearing.

Signature *[signed]*   Witness *[signed]*
                                                  U.S. Probation Office

                               Date: 6/1/11

